**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ANTONE LAMANDINGO KNOX, | ) |
| *Petitioner,* | ) ) ) |
| v. | ) Case No. CIV-19-1077-D |
| TOMMY SHARP, | ) ) ) |
| *Respondent.* | ) ) |

**O R D E R**

Before the Court are the findings and recommendations of United States Magistrate Judge Suzanne Mitchell, made pursuant to 28 U.S.C § 636(b)(1) [Doc. No. 33]. Petitioner timely filed an objection [Doc. No. 34]. Thus, the Court must make a de novo determination of any portion of the Report to which a specific objection is made, and may accept, reject, or modify the recommended decision. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3).

Liberally construing Petitioner's pro se arguments presented in his objection, he asserts: the Court must take action against the Clerk of Court, as he has been denied access to the courts, that the equal protection and ex post facto clauses of the federal Constitution have been violated, he objects to Judge Mitchell's conclusion that his state court remedies have not been exhausted, alleges the appointment of counsel for his state court proceedings is required, and that his Petition should not be barred by the rule on successive petitions. Further review of all other issues addressed by Judge Mitchell is waived. *See United States v. 2121 East 30th St.,* 73 F.3d 1057, 1060 (10th Cir. 1996); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

The Court generally does not consider new matter raised for the first time in an objection to a magistrate judge's report. *See Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."); *see also ClearOne Commc'ns, Inc. v. Biamp Sys.*, 653 F.3d 1163, 1184–85 (10th Cir. 2011); *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1310 (10th Cir. 2010).

Upon de novo consideration of those objections not raising new matter, the Court fully concurs in Judge Mitchell's analysis of the claims and issues presented by the Petition. Contrary to Petitioner's objections, Judge Mitchell's conclusions did not rely on his failure to exhaust his administrative remedies, nor the rule on successive habeas petitions. Petitioner seeks appointment of counsel, but his arguments appear to be raised for the first time on objection and overlook the federal habeas requirements for obtaining appointed counsel. *See Swazo v. Wyo. Dep't of Corr.*, 23 F.3d 332, 333 (10th Cir. 1994) ("appointment of counsel in a § 2254 proceeding is left to the court's discretion" unless an evidentiary hearing is required). The balance of Petitioner's objection to the Report rehashes the merits of the constitutional arguments, and the Court finds he raises no new argument or authority that warrants disturbing Judge Mitchell's analysis and conclusions.

**IT IS THEREFORE ORDERED** that having conducted a de novo review, the Court **ADOPTS** the Report and Recommendation [Doc. No. 33] in its entirety. For the reasons stated therein, the Court finds the Petition for Writ of Habeas Corpus [Doc. No. 1] is **DISMISSED WITHOUT PREJUDICE**. A separate judgment shall be entered.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration, the Court finds the requisite standard is not met in this case. Therefore, a COA is denied. The denial shall be included in the judgment.

**IT IS SO ORDERED** this 8th day of July, 2020.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge